**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

**ANASTASIA V. WOOTTEN,**

***Plaintiff,***

**v.** **CA No. 6:14cv13**

**COMMONWEALTH OF VIRGINIA**
**DEPARTMENT OF MOTOR VEHICLES, ET AL**

***Defendants.***

**REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF WOOTTEN**

The Commonwealth of Virginia Department of Motor Vehicles, the Commonwealth of Virginia (these two Defendants collectively "DMV"), propound the discovery requests that follow, requiring any objections and responses within 30 days pursuant to the Federal Rules of Civil Procedure. These Requests are deemed to be continuing, and any additional information relating in any way to these requests which Plaintiff acquires subsequent to the date of answering them, up to and including the time of trial, shall be furnished to Defendant promptly after such information is acquired.

**DEFINITIONS AND INSTRUCTIONS**

1. In answering the written discovery, furnish all information which is available to you, including information in the possession of your agents, attorneys (that is not privileged), investigators, employees, or anyone employed on your behalf, and not merely such information known of your own personal knowledge. Please indicate, where appropriate, the source of your answer. If you cannot answer in full, after exercising due diligence to secure the

PENGAD-Bayonne, N. J.
COMMONWEALTH'S
EXHIBIT
B

information requested, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever knowledge or information you have concerning the unanswered portion.

2. "You" or "your" is defined to include the party to whom these Requests are addressed, and all agents, employees, representatives, investigators, consultants, attorneys or other persons acting or purporting to act on its behalf.

3. "Person" shall include any individual, association, proprietorship, firm, partnership, joint venture, corporation, trust, estate or other legal entity.

4. "Plaintiff" shall mean Anastasia V. Wootten ("Wootten").

5. "Defendant" shall mean the employer the Department of Motor Vehicles. "Any Defendant" shall include, with DMV, the other individual Defendants originally sued in this matter.

6. "Communication" or "communications" shall mean all oral, visual or other sensory means of transmitting information, messages, or statements.

7. "Document" or "documents" as used herein shall mean anything, including without limitation the original, drafts, revisions and non-duplicative copies of any handwritten, typewritten, printed, recorded or graphic matter, or writings of any kind, including the originals and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise and all drafts, alterations, modifications, changes, and amendments of any of the foregoing, however produced or reproduced, whether or not claimed to be privileged, including, but not limited to, claims, correspondence, reports, audits, records, receipts, ledgers, files, accounts, memoranda, notes, telegrams, schedules, plans, drawings, contracts, books, journals, photographs, tapes, sound recordings, catalogs, checks, writings, computer disks, drives

and tapes (active and archived), including telephonic recordings or notations (on smart phones and cellular phones), witness statements and electronically stored information and all other matters discoverable pursuant to the Federal Rules of Civil Procedure, including the December 1, 2006 amendments to Rule 26.

8. "State all facts" or "explain in detail" means to state each and every act, omission, incident, event, condition, or circumstance pertinent to the matter requested.

9. "Relating to" means connected with, regarding, discussing, or referring to the subject.

10. "Charge" shall mean any communication complaining of, or otherwise referencing, acts of discrimination or retaliation, including a charge of discrimination filed with the DMV, the Virginia Human Rights Commission, or the EEOC. "Complaint" refers to the initial pleading of your lawsuit.

11. In your answer to each Request, identify the person(s) (besides Wootten and her lawyers) providing the answer, each person who provided information or was consulted in the preparation of the answer, and identify every document on which you relied or to which you referred.

12. Where the identification of a person is requested ("identify"), indicate the full name, home and business address and telephone numbers of such person.

13. Where an act of a person is referred to, or where knowledge, information or a document in the possession of a person is requested, such request includes knowledge, information and documents of the person's agents, next friend, guardian, representatives, consultants, and, unless privileged, such person's attorney.

14. Unless otherwise indicated, these Requests refer to the place and circumstances mentioned or complained of in the pleadings and time periods alleged in the Complaint. For

documents (unless otherwise indicated in the request), the request extends from a creation date of March 1, 2011 to the present.

15. The singular includes the plural and the masculine includes the feminine and neuter, and vice versa.

16. Interrogatories and document requests are continuing in character and nature, so as to require you to file supplementary answers if you obtain further or different information before trial.

17. If Plaintiff considers any information called for hereunder to be privileged, then Plaintiff must include in Responses a list of the information being withheld, identifying each document by date, addressee(s), author, title and subject matter. In addition, Plaintiff should identify those persons who have seen the document or who were sent copies. Finally, Plaintiff should state the specific ground(s) upon which each such document is considered privileged.

## DOCUMENT REQUESTS

1. Produce the "memorialized communications" of defendants referred to in the Complaint ¶125.
2. Produce any evidence of communications that support the allegation of conspiracy in Complaint ¶ 126.
3. Produce your communications with Supinger, or with others that specifically demonstrate your support for Supinger or other Title VII protected activity.

4. Produce any log or calendar or document showing your actions *related to your employment disputes* in the twelve months prior to your job termination.
5. Produce any documents showing communications with Jennifer Dawson in the twelve months prior to your job termination.
6. Produce any documents showing communications with Robert Supinger in the twelve months prior to your job termination.
7. Produce any documents showing communications with David L. Stultz in the twelve months prior to your job termination.
8. Produce any documents showing communications with Donald Boswell in the twelve months prior to your job termination.
9. Produce any documents showing communications with Andrew Hicks in the twelve months prior to your job termination.
10. Produce any medical evidence that reveals damage or injury claimed in this lawsuit.
11. Produce all employment related information, including benefits, used to calculate any loss of wages, past or future, claimed herein.
12. Produce the records necessary to calculate your receipt of payments, if any, from the Virginia Employment Commission.
13. Produce any other records that substantiate other damage or injury claimed in this lawsuit.
14. Produce your federal and state tax returns for the four years prior to this Request and supplement with your 2014 return when prepared.

Respectfully submitted,

VIRGINIA DEPARTMENT OF MOTOR VEHICLES, ET AL
By Counsel

Mark Herring
Attorney General of Virginia

Rhodes Ritenour
Deputy Attorney General, Civil Division

Ronald G. Regnery
Senior Assistant Attorney General, Employment Law Unit Chief

Sydney E. Rab
Sr. Assistant Attorney General
Va. State Bar No. 15105
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
(804) 786-1109
Fax: (804) 371-2087
srab@oag.state.va.us

Counsel for the Defendant DMV

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that on the 15th day of January 2014, the foregoing Document Requests were delivered both by U.S. Mail and electronically to:

Melvin E. Williams
VSB No. 43305
1320 Third Street, SW
Roanoke, Virginia 24016
540-266-7800
540-206-3857 (fax)
Mel@melwilliamslaw.com

Cassie Baudean
9962 Brook Road, #654

Glen Allen, Virginia 23059
804-447-0146
804-447-0164 (fax)
cibaudean@baudeanlaw.com

Dale W. Webb
VSB No. 26359
1171 Grandin Road
P. O. Box 4126
Roanoke, Virginia 24015
540-527-3500
540-527-3520 (fax)
dwebb@franklmillerwebb.com

All Counsel for the Plaintiff Wootten

Sydney E. Rab
Sr. Assistant Attorney General
Va. State Bar No. 15105
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
(804) 786-1109
Fax: (804) 371-2087
srab@oag.state.va.us
Counsel for DMV