IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| ANASTASIA V. WOOTTEN, | ) | |
|       *Plaintiff,* | ) | CASE NO. 6:14-CV-00013 |
| | ) | |
| v. | ) | |
| | ) | **OPINION** |
| COMMONWEALTH OF VIRGINIA, *et al.*, | ) | |
| | ) | **By: Norman K. Moon** |
|       *Defendants.* | ) | **United States District Judge** |

This discrimination and civil rights case is before the Court on a "renewed" motion for summary judgment filed by Defendants Commonwealth of Virginia, the Virginia Department of Motor Vehicles, Joseph Hill, Jeannie Thorpe, Donald Boswell, Tom Penny, and Ronna Howard. (Dkt. 110). Defendants seek dismissal of the First Amendment claim (Count IV) in Plaintiff's first amended complaint. (Dkt. 111 at 1-2). Plaintiff has filed a substantive opposition (dkt. 120) but also urges the Court—pursuant to Federal Rule of Civil Procedure 56(d)—to withhold consideration of the motion until discovery is completed. (*Id*. at 2; dkt. 119). Defendants' motion has been submitted on the briefs (dkt. 123) and is ripe for decision.[1] A brief review of this litigation is necessary to understand the present motion and the decision, explained below, to deny it without prejudice.

**BACKGROUND**

Plaintiff instituted this action on April 23, 2014. She alleged numerous claims against several defendants, including for Title VII discrimination based on gender and nationality, as well as various constitutional claims. At the motion to dismiss stage, the Court dismissed several of those claims, including—as most relevant here—Plaintiff's First Amendment claim. (Dkt.

---

[1] The parties' cross-motions for summary judgment on other claims are also pending before the Court (dkt. 86, 88), although they will not be addressed in this opinion. As explained below, those motions were briefed and argued before Plaintiff was granted leave to file an amended complaint adding a First Amendment claim.

1

46). The Court also denied Plaintiff's motion to amend her complaint to resurrect that claim or, alternatively, to certify its dismissal for interlocutory appeal. (Dkt. 76). Hence, discovery proceeded on the surviving claims, with no need to explore the First Amendment claim.

The parties filed cross-motions for summary judgment in mid-May 2015. (Dkt. 86, 88). Shortly after oral argument on those motions, the Fourth Circuit decided *Hunter v. Town of Mocksville*, 789 F.3d 289 (4th Cir. 2015), a First Amendment case arguably relevant to Plaintiff's case. Accordingly, the Court permitted Plaintiff to file an amended complaint with her First Amendment claim "[o]ut of an abundance of caution and in light of" *Hunter*, although leave was "not granted to renew any other claims previously dismissed." (Dkt. 105). The order also contemplated a revised case schedule with time to perform discovery on the new claim. Plaintiff subsequently submitted her amended complaint on July 7, 2015.[2]

Merely three days later, Defendants filed the instant motion, an unusual decision given the Court's intention that discovery be reopened for the First Amendment claim. Indeed, Magistrate Judge Ballou entered a superseding pretrial order on July 21, 2015 that moved the trial date and extended discovery. (Dkt. 113).

## ANALYSIS

Rule 56(d) permits the Court to, *inter alia*, defer or deny a motion for summary judgment if the nonmovant shows "by affidavit or declaration, for specified reasons, it cannot present facts essential to justify its opposition." "A court should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014). Courts ask whether "the nonmovant has sufficiently

---

[2] Defendants' cursorily object in a footnote to Plaintiff's inclusion of defendants Howard and Penny in the amended complaint. They assert Plaintiff was not permitted to add parties to the complaint. That position is facile. A claim must be directed against someone, and Plaintiff was permitted the opportunity to allege who, exactly, she thinks violated her First Amendment rights. She apparently believes Penny and Howard are among them. (Dkt. 109 ¶¶ 65-66, 79, 84-85).

2

identified the information sought by discovery, the reasons the information has not yet been obtained, and the materiality of the information to its opposition to the summary judgment motion." *Phillips v. Gen. Motors Corp.*, 911 F.2d 724, 1990 WL 117981, at *5 (4th Cir. 1990) (table decision). These factors cut in favor of Rule 56(d) relief. There are strong reasons Plaintiff has not yet obtained adequate information on her First Amendment claim. First, the Court previously dismissed that claim and rebuffed an initial request for amendment. Second, based on the Court's prior rulings, at least some Defendants refused to answer written discovery that they perceived as bearing on the then-dismissed First Amendment claim. (Dkt. 119-1 at 4-7). Denial of a Rule 56(d) request "is particularly inappropriate when, as here, the materials sought are the object of outstanding discovery." *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 196 (4th Cir. 2006) (internal quotations omitted). This outstanding discovery—and other discovery like it—also satisfies the identification and materiality factors, and it should be adequately responded to before Plaintiff is forced to oppose a motion for summary judgment.[3]

Finally, a technical matter must be addressed. In an apparent oversight, the Rule 56(d) affidavit of Plaintiff's counsel is unexecuted. (Dkt. 119 at 3). The Court is "aware of no authority under federal or Virginia law that permits the admission of an unexecuted affidavit." *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000). Still, the Fourth Circuit has affirmed a district court's ability to accept a second, executed affidavit when the first is submitted unexecuted. *Lovelace v. Lee*, 472 F.3d 174, 204 (4th Cir. 2006); *see Bell v. Kolongo*, No. 1:03CV501 (GBL), 2004 WL 3247156, at *3 (E.D. Va. Oct. 25, 2004) *aff'd,* 120 F. App'x 985 (4th Cir. 2005). The Court exercises its discretion to do so, based on the supposition that

---

[3] With that said, this final round of discovery should not devolve into a free-for-all. Subject to the Federal Rules of Civil Procedure and the timelines established in the superseding pretrial order, the parties may of course conclude discovery as they see fit. This includes propounding additional discovery and taking depositions (if any remain under Fed. R. Civ. P. 30(a)(2)), although the Court notes that a majority of the Defendants to the First Amendment claim have already been deposed and questioned about facts relating to that claim. (Dkt. 121 at 5-7).

3

Plaintiff's counsel filed his affidavit in compliance with Rule 11(b) and can execute a copy in compliance with his legal and ethical obligations.

For the reasons above, Defendants' motion for summary judgment on the First Amendment claim will be denied without prejudice to their right to renew it after the close of discovery, provided that Plaintiff's counsel files an executed version of docket entry 119 within **five** (5) days.

The clerk is directed to send a copy of this opinion to all counsel of record. An appropriate order will issue.

Entered this __22nd__ day of October, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE