**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| ANASTASIA V. WOOTTEN,    ) | |
|         Plaintiff,    ) | |
|    ) | |
| v.    ) | Civil Action No. 6:14-cv-00013 |
|    ) | |
| COMMONWEALTH OF VIRGINIA, et al.    ) | |
|    ) | |
|         Defendants.    ) | |

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION *IN LIMINE*: DAMAGES**

Defendants Richard Holcomb ("Holcomb"), Joseph Hill ("Hill"), and Jeannie Thorpe ("Thorpe") (together "Defendants"), submit the following brief in support of their first *Motion in Limine*. This Motion is related to admissibility of evidence at the October 17, 2016 jury trial on damages Plaintiff Anastasia V. Wootten ("Wootten") may be entitled to receive.

**I.      STATUS OF THE CASE**

Wootten sued the Defendants and others on theories of civil rights, privacy, and constitutional violations on April 23, 2014, all related to her employment by the Department of Motor Vehicles ("DMV"). Defendants submitted for the Court's consideration a Motion to Dismiss. The District Court's ruling on March 23, 2015 reduced the Counts in dispute. Defendants then sought Summary Judgment and Wootten sought Partial Summary Judgment. By virtue of the Court's January 7, 2016 Opinion, Dk. No. 140; January 21, 2016 Opinion, Dkt No.. 146; and January 21, 2016 Order, Dk. No. 147, Wootten was granted Partial Summary Judgment on two Counts and the balance were dismissed. Remaining for a trial on damages are Count V (Due Process) and Count VI (Supervisory Liability).

The case is set for a trial by jury on October 17, 2016 for the purpose of determining damages for the two constitutional Counts, brought to the District Court pursuant 42 U.S.C. § 1983.  For reasons discussed in this Brief, Defendants contend that the jury need not hear damage claims in the absence of actual injury.

The Court has the inherent power to grant a motion in limine to exclude anticipated evidence that might be presented to the jury and subject to objection.  *Luce v. U.S.*, 469 U.S. 38, 41 (1984).  When the civil case defendant anticipates evidence of damages from the plaintiff and such evidence not proper in view of the legal standards for recovery, a motion in limine is appropriate.  *See Konkel v. Bob Evans Farms Incorporated*, 165 F.3d 275, 282 n. 5 (4th Cir. 1999); *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 260-63 (4th Cir. 2005) cert. den. 546 U.S. 1214 (U.S. 2006) (expert's statistical analysis excluded as irrelevant and unreliable).

## II. CAUSATION

Wootten had been employed by DMV as a Senior Special Agent in Charge in the Lynchburg (alternately, Appomattox) Division headquarters of DMV.  The District Court has found that Wootten was terminated from employment on *April 5, 2013* because of her lack of credibility and abuse of authority and failure to follow a direct order at DMV (Dkt. 140-7, 8, 21-26; Dkt. 146-7, n. 5). Defendants were separately and subsequently found to have denied Wootten a post-termination due process hearing after she requested same on *October 21, 2013*.  (Dkt. 140-12 through 17).  The two events--six months apart--allow a single conclusion:  *job termination* damages are not available to Wootten because of a subsequent, factually unrelated due process violation.

## III.    DAMAGES CLAIMED BY WOOTTEN

By her Complaint, Counts V and VI, Wootten seeks "pecuniary loss, loss of employment, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss." Complaint, ¶¶ 154, 166. She additionally seeks "liquidated and/or punitive damages." *Id.*, ¶¶155, 167.

Wootten was requested to describe her resulting loss--for all of her various claims--in her Response to Defendants' First Set of Interrogatories:

> Due to the actions of the Defendants, I have suffered:
> 1. A destroyed reputation in the community as I was fired from my job and defamed.
> 2. I have suffered lost pay equal to my annual salary and benefits package, including: health insurance, a COBRA plan, and a retirement package, and will not be able to obtain positions in the field of law enforcement. I have had no income since being terminated from DMV in April 2013.
> 3. Pain and suffering from the stress, damages, health issues and anxiety surrounding the events of my Complaint.
> 4. I have been forced to pay attorney's fees, court costs, and suffer the stress of litigation.
> 5. *Additionally, exercise of my constitutional rights has been suppressed.*

See Exhibit 1, March 11, 2015, Plaintiff's Response to Defendants' First Set of Interrogatories, Answer 6 (emphasis added).

Defendants asked Wootten whether she had any "medical evidence that reveals damage or injury claimed [or] records that substantiate other damage[1] or injury claimed in this lawsuit." See Exhibit 2, March 11, 2015, Plaintiff's Responses to Defendants' First Request for the Production of Documents, Nos. 10 and 13. Wootten's response to No. 10 was "None," and to No. 13 was "None. Plaintiff reserves the right to supplement this response." *Id.*

---

[1] Other than the loss of wages due to the job termination.

3

No medical expert witness has been named by Wootten to testify about a physical injury or an emotional or psychological loss. Discovery is closed. While Wootten clearly expressed to Defendants that "her constitutional rights [have] been suppressed" she has made no effort to supply Defendants with any factual information of losses to address at a jury trial.

## IV.   NOMINAL DAMAGES FOR A CONSTITUTIONAL VIOLATION, *CAREY v. PIPHUS*, ABSENT AN ACTUAL INJURY

The lead case on compensatory damages for the victim of a civil rights violation, by deprivation of the procedural due process upon termination from government employment, is *Carey v. Piphus*, 435 U.S. 247 (1977). Public school students sued the school principal who had disciplined them for alleged drug violations without affording them due process hearings. *Carey*, at 248-50. The federal district court afforded the students no relief, *id.,* at 252. The Seventh Circuit Court of Appeal reversed and remanded, stating that should the students prevail they might recover "substantial 'non-punitive' damages simply because they had been denied procedural due process." *Id.*

The Supreme Court granted certiorari, deciding what plaintiffs might recover in the event they are unable to prove an "actual injury" by the constitutional wrong. *Id*, at 253. *Carey* stands for the proposition that "[p]rocedural due process rules are meant to protect persons *not* from the deprivation [of the job] but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey*, at 259. If the violation of procedural due process "could not properly be viewed as the *cause* of" the deprivation of enrollment in school, *Carey*, at 260 (emphasis added), then an award beyond nominal damages "would constitute a windfall, rather than compensation." *Id.* Hence, the Court would not permit the harmed plaintiffs "mental and emotional distress" damages for the denial of

4

due process absent "proof that such injury actually was caused" by such denial. *Id.,* at 264.

The Fourth Circuit had an opportunity to apply *Carey* in the matter of *Burt v. Abel*, 585 F.2d 613 (4th Cir. 1978). That case involved a teacher's dismissal from employment without adequate notice and a hearing. *Id.*, at 614-15. The Court, following *Carey*, decided that "damages, other than nominal damages, are not presumed to flow from every deprivation of procedural due process…[and] to recover more than nominal damages, [plaintiff] must also prove that the procedural deprivation caused some independent compensable harm. *Id.*, at 616 (citing *Carey*, at 259-64). The trial court had already found that Burt's discharge was not racially motivated so as to violate the Civil Rights Act. Therefore, if Burt was unable to demonstrate actual damages from the due process violation nothing beyond nominal damages might be awarded. *Id.*

In a case involving inmates subjected to administrative segregation without due process protections of their liberty interests, the Fourth Circuit declared that "when procedural due process rights are denied, nominal damages may be presumed." *Taylor v. Jordan*, 1991 U.S. App. LEXIS 10, *8 (4th Cir. Jan.2, 1991).

Sister Circuits have applied *Carey* in procedural due process cases. For example, a school employee terminated by the school board summarily sought back pay, reinstatement, the restoration of benefits, damages, and attorney's fees. *Rogers v. Kelly*, 866 F.2d 997, 999 (8th Cir. 1989). But the district court concluded that Rogers had endured "no actual harm since he would have been fired even if he had received procedural due process" and awarded Rogers "one dollar in nominal damages." *Id. See also*, *McClure v. Independent Sch. Dist. No. 16¸* 228 F.3d 1205, 1213 (10th Cir. 2000) (employer has "establish[ed]…that it would have reached the same termination decision"

5

without regard to the due process violation); *Akbar v. Fairman*, 788 F.2d 1273, 1278 (7th Cir. 1986) ("if the defendants were justified in taking disciplinary action…the district court properly refused to award compensatory damages notwithstanding the fact that the defendants employed deficient procedures…in adjudicating…guilt.")

## V. COMPENSATORY DAMAGES ONLY FOR ACTUAL HARM OR INJURY

*Carey* applies to other types of constitutional violations. Always the availability of compensation for actual injury is narrow. In *Norwood v. Bain*, 143 F.3d 843 (4th Cir. 1998), a group of motorcyclists sued the Spartanburg Police, complaining of an unreasonable search in violation of Fourth Amendment rights. Plaintiffs alleged that Spartanburg's checkpoint searches were conducted without reasonable suspicion of criminal activity. The Fourth Circuit wrote that at trial,

> no such actual harm resulting from conduct of the physical searches was proven. There was no evidence of any loss of or damage to property nor of any physical injury or even touching sustained in the course of the searches. The only evidence of emotional distress came in the form of testimony by Norwood and four other class members that they felt annoyance, humiliation, and indignity at being subjected to the searches. None testified that their emotional upset was caused by oppressive or threatening conduct by the checkpoint officers; instead, from all that appears, that conduct was civil and non-threatening throughout the process. Under the circumstances, we agree with the district court that this testimony failed to prove emotional distress other than any that may have been experienced as a sense of indignity from the very violation of constitutional right. And, that, as indicated, is not a compensable harm in § 1983 litigation.

*Norwood*, at 855. Damages due to emotional distress require the distress be sufficiently articulated. A plaintiff's own conclusory allegations that he felt "embarrassed," "degraded," or "devastated," and suffered a loss of self-esteem, will *not* suffice to create a disputed issue of material fact for the jury regarding the presence of compensable

6

emotional distress. *Price v. City of Charlotte,* 93 F.3d 1241, 1255 (4th Cir. 1996) (emphasis added).  Same *Brady v. Fort Bend County*, 145 F.3d 691, 718-19 (5th Cir. 1998) (in a § 1983 action, "vague and conclusory" testimony that a claimant was "highly upset," could not "accept it mentally," "didn't feel like the same person," or "spent more time on the couch" does not satisfy the specificity standard for compensable emotional distress.)

## VI. PUNITIVE DAMAGES ARE NOT AVAILABLE

Nor may Wootten be awarded punitive damages in her § 1983 action unless she can establish actual damages.  The Fourth Circuit has ruled that while "[t]here is no established federal common law rule that precludes the award of punitive damages in the absence of an award of compensatory damages…punitive damages are *not* recoverable absent proof of *actual damage*." *Van Alstyne v. Electronic Scriptorium Limited*, 560 F.3d 199, 209 (4th Cir. 2009) (internal citations and quotations omitted, emphasis added).

## VII. CONCLUSION AND RELIEF SOUGHT

Wootten may not be awarded, at trial, damages for the loss of her employment because the District Court has already ruled that her discharge was lawful and justified. This ruling eliminates lost wages and the lost benefits of employment by DMV. Emotional loss as a result of being terminated from her job on April 5, 2013, is unrelated to the Due Process and Supervisory Liability (the only) violations found.  Were Wootten defamed, it was a product of job termination, not the denial of due process rights.  Pain and suffering from the stress of unemployment, health issues, and anxiety do not derive from the constitutional infractions either.  **Issues of the award of nominal damages, attorney's fees and costs, or injunctive relief, are for the District Court, not the jury.**

If Wootten is to be afforded a jury trial, the only damages evidence should be evidence of "actual injury" demonstrated to result from the constitutional wrongs attributed to Defendants.

This Motion *in Limine* should be granted. Prior to trial, the District Court should declare the limitation upon evidence of damages—"actual injury"--in view of the settled principles of *Carey v. Piphus*.

    Respectfully submitted,

    **THE COMMONWEALTH OF VIRGINIA**
    **THE COMMONWEALTH OF VIRGINIA**
    **DEPARTMENT OF MOTOR VEHICLES,**
    **RICHARD D. HOLCOMB,**
    **JOSEPH HILL,**
    **JEANNIE THORPE,**

    **BY COUNSEL**

Mark R. Herring
Attorney General of Virginia

Rhodes Ritenour
Deputy Attorney General

*s/Sydney E. Rab*
**Sydney E. Rab (VSB No.: 15105)\***
Senior Assistant Attorney General
900 East Main Street
Richmond, Virginia 23219
Phone: 804-786-1109
Fax: 804-786-0122
srab@oag.state.va.us

**Ryan Spreague Hardy (VSB No. 78558)\***
Assistant Attorney General

\*Counsel of Record for all DMV Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2016, I electronically filed the foregoing **DEFENDANTS' BRIEF IN SUPPORT OF MOTION IN LIMINE** with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for the Plaintiff:

> Cassie Baudeán Cunningham (VSB # 81849)
> Baudeán Law, PLLC
> 8500 Bell Creek Road
> Mechanicsville, Virginia 23116
> Telephone: (804) 447-0146
> Facsimile: (804) 447-0164
> Email: clbaudean@baudeanlaw.com
>
> Paul G. Beers (VSB # 26725)
> Glenn, Feldmann, Darby & Goodlatte
> 37 Campbell Avenue, S.W.
> P.O. Box 2887
> Roanoke, Virginia 24001-2887
> Telephone: (540) 224-8035
> Facsimile: (540) 224-8050
> Email: pbeers@glennfeldmann.com
>
> Counsel for Plaintiff

> *s/Sydney E. Rab*
> **Sydney E. Rab (VSB No.: 15105)**
> Office of the Attorney General
> 900 East Main Street
> Richmond, Virginia  23219
> (804) 786-0969
> (804) 786-0122 (facsimile)
> srab@oag.state.va.us
> Counsel for all DMV Defendants