IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| ANASTASIA V. WOOTTEN, | ) | |
|     *Plaintiff*, | ) | CASE NO. 6:14-CV-00013 |
| | ) | |
| v. | ) | |
| | ) | **OPINION** |
| COMMONWEALTH OF VIRGINIA, *et al.*, | ) | |
| | ) | By: Norman K. Moon |
|     *Defendants*. | ) | United States District Judge |

This case is before the Court on a motion for partial summary judgment on damages by Defendants Richard Holcomb, Joseph Hill, and Jeannie Thorpe ("Defendants"). (Dkt. 166). Defendants assert that Plaintiff cannot receive compensatory damages because she cannot prove an actual injury resulting from a deprivation of procedural Due Process. (*Id*. at 5-8).

On January 7th and 21st, 2016, the Court entered memorandum opinions and an order on several summary judgment motions, with the result that Plaintiff's First Amendment and Title VII retaliation claims were dismissed, but judgment was granted in her favor on the issue of liability for her procedural Due Process claim. (*See generally* dkt. 140, *available at* 154 F. Supp. 3d 322 (W.D. Va. 2016); dkt. 146, *available at* 2016 WL 264959 (W.D. Va. Jan. 21, 2016); dkt. 147 (Order)). The Court subsequently denied as both procedurally and substantively lacking Defendants' motion to reconsider my decision on the Due Process issue, in part because the motion was "effectively a full-blown, renewed motion for summary judgment." (*See generally* dkt. 161, *available at* -- F. Supp. 3d. --, 2016 WL 922795 (W.D. Va. Mar. 10, 2016)).

The Court will deny Defendants' present motion. The motion represents—either in name or substance—Defendants' sixth request for summary judgment. The Court will accordingly exercise its discretion to decline to hear successive summary judgment motions. Also, the motion is untimely.

1

## I. PROCEDURAL BACKGROUND

To understand the Court's decision, a limited recapitulation of the somewhat arduous history of this case is necessary. The Court focuses primarily on deadlines related to summary judgment and the various motions seeking it.

### A. The Summary Judgment Deadline Expires

Federal Rule of Civil Procedure 56(b) instructs that the time to file a motion for summary judgment is up to 30 days after the close of discovery, unless ordered otherwise. The original pretrial order in this case—entered on July 15, 2014—changed that deadline to 75 days *before trial*. (Dkt. 19 at 1). Trial was scheduled for July 14, 2015 (dkt. 24), thus setting the original summary judgment deadline for April 30, 2015. Magistrate Judge Ballou subsequently amended the deadline to 60 days before trial (dkt. 44), making such motions due on **May 14, 2015**. Defendants met this deadline when they sought summary judgment against the Due Process and Title VII claims on May 13, 2015. (Dkt. 86).

In June 2015, however, the Court allowed Plaintiff to amend her complaint to add a First Amendment claim in light of an intervening Fourth Circuit decision. (Dkt. 105). This necessitated supplemental discovery and a new trial date. (*Id.*; dkt. 106). On July 7, 2015, Plaintiff filed her amended complaint with the First Amendment claim. (Dkt. 109). *Merely three days later*, Defendants filed a "renewed" summary judgment motion in order to address the First Amendment count. (Dkts. 110 & 111). The Court found such timing to be "unusual" (dkt. 111 at 2), and denied, without prejudice, the motion as premature because discovery on the claim was needed. (Dkt. 124, 125).

### B. The Second Summary Judgment Deadline Expires

Meanwhile, a superseding pretrial order was entered on July 21, 2015, with new case

deadlines and a March 1, 2016 trial date. (Dkts. 113 & 114). This order established **December 17, 2015** as the new summary judgment deadline. Like the prior summary judgment date, this deadline expired, with Defendants' timely filing on December 15, 2015 a "second renewed" motion for summary judgment. (Dkts. 130 & 131). This motion focused on the new First Amendment claim and cross-referenced Defendants' still-pending motion against the Due Process and Title VII claims. (Dkt. 141 at 14-15, 24-25).

### C. The Court Rules on the Summary Judgment Motions

In January 2016, the Court fully adjudicated all pending summary judgment motions, dismissing the First Amendment and Title VII claims but granting Plaintiff judgment on liability for a violation of procedural Due Process. (Dkts. 140, 146, 147). The Court instructed the parties to prepare for the March 1st trial. (*See* dkt. 148).

### D. Defendants' Motion for Reconsideration and the Continuation of Trial

On February 11, 2016, Defendants sought reconsideration of the Court's adverse ruling on the Due Process claim, including the denial of qualified immunity, which may have been immediately appealable. (*See* dkts. 152 & 153). After briefing, the Court denied the motion, but no interlocutory appeal was filed.

Among other grounds for denial, the Court concluded that the motion was procedurally improper because it was "effectively a full-blown, renewed motion for summary judgment." 2016 WL 922795, at *2 (W.D. Va. Mar. 10, 2016). It attempted to relitigate already-decided issues and to introduce into the record new evidence and arguments that should have been raised in prior summary judgment submissions. *Id*. at *2-4. In sum, the Court found that the reconsideration "motion is merely an attempt to introduce previously-available evidence, present refurbish[ed] arguments, and otherwise re-litigate summary judgment." *Id*. at *3.

3

After Defendants moved for reconsideration but before it was denied, the Magistrate Judge continued the trial to October 17, 2016 at Plaintiff's request, as a conflict forced her to retain new counsel. (Dkt. 154). This February 17, 2016 order stated that "all other provisions of the court's superseding pretrial order shall remain in effect." (*Id*.). Under a hyper-technical reading of those orders, the lapsed summary judgment deadline was reinstated: This new (and third) trial date arguably invited yet another round of summary judgment motions, to be filed by **August 3, 2016**, although the Court would quickly call that assumption into question.

### E. Defendants' Motion *in Limine*

So stood the case in April 2016. Yet within a month of the denial of Defendants' reconsideration motion, Defendants filed a "motion *in limine* on damages." (Dkts. 163 & 164). The Court *sua sponte* denied the motion. (Dkt. 165). First, the Court saw no reason to adjudicate a motion *in limine* six months before trial. More importantly, the Court opined that:

> there is some question whether the motion [*in limine*] is proper, as it—at least in part—relies on Plaintiff's purported lack of evidence as to elements of her claim (*e.g.*, causation, damages). Such arguments ordinarily are expected to be raised on summary judgment, not as a motion *in limine* filed after summary judgment was (in part) denied.

(Dkt. 165 at 1-2). The Court also explained that subsequent summary judgment motions might not be well received:

> The Court recognizes that the pretrial order (dkt. 19) allows the parties to file a motion for summary judgment up to 75 days before trial, a provision which—in light of the new October 2016 trial date—*could* authorize the filing of more summary judgment motions. Given that this case has been thoroughly litigated on summary judgment, and that any future summary judgment motion is purely a function of continuing the March 2016 trial date, the Court would be hesitant to entertain such a motion, whether styled as such or not.

(*Id*. at 2 n.2) (emphasis added).

### F. The Instant Motion for Summary Judgment

Nevertheless, on August 3, 2016, Defendants filed their sixth summary judgment motion,

4

again asking for judgment on damages. (Dkts. 166 & 167). Admittedly, Defendants acknowledged the Court's prior warning, disavowed any attempt "to exploit the unique procedural posture of this case or inundate this Court with pleadings," and stated they seek only to preserve their arguments and conserve resources. (Dkt. 167 at 1-2).

## II. ANALYSIS

The Court exercises its discretion to decline to hear yet another summary judgment motion. The motion is also untimely.

### A. Defendants Fail To Justify Their Successive Summary Judgment Motion

No "federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment." *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 n.2 (S.D. Ala. 2011). Indeed, "it sets bad precedent to allow parties to file serial motions for summary judgment" because repetitive motion practice undermines both the Court's and the parties' interests in efficiency and finality. *Woodson v. Aspen Power, L.L.C.*, No. 9:12-CV-135, 2014 WL 11512251, at *2 (E.D. Tex. July 3, 2014); *see KTAQ of Dallas, LLC v. Simons*, No. 3:12-CV-4102-L, 2013 WL 5567146, at *7 (N.D. Tex. Oct. 8, 2013). For those reasons, "successive motions for summary judgment may be procedurally improper if the arguments in the second motion could have been raised in the first motion." *Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012). Courts routinely deny such motions on those grounds. *See*, *e.g.*, *Hicks v. T.L. Cannon Corp.*, 66 F. Supp. 3d 312, 313-14 (W.D.N.Y. 2014).

The parties have not identified, and the Court has not found, a Fourth Circuit case on the standard of review for considering a successive summary judgment. But the other Courts of Appeals overwhelmingly hold that the question is committed to the district court's discretion. *See Hoffman v. Tonnemacher*, 593 F.3d 908, 910–12 (9th Cir. 2010) (citing cases from the

5

Case 6:14-cv-00013-NKM-RSB   Document 173   Filed 09/12/16   Page 5 of 9   Pageid#: 2324

Second, Fifth, Sixth, Seventh, Eighth, Eleventh, and D.C. Circuits); *F.D.I.C. v. Kooyomjian*, 220 F.3d 10, 15–16 (1st Cir. 2000).

Including the reconsideration and *in limine* motions which functionally sought summary judgment, Defendants have filed five prior summary judgment motions over a fifteen-month span: One was granted in part and denied in part (dkt. 86), one on the First Amendment claim was denied as premature (dkt. 110) before being granted when renewed (dkt. 130), another was denied on both procedural and substantive grounds (dkt. 152), and the most recent motion was denied *sua sponte*, with a clear indication that further motions were disfavored. (Dkt. 165).

The Court's reasons for refusing to consider the instant summary judgment motion largely mirror the Court's rationale for its prior denial of reconsideration. As the Court stated on reconsideration, such motions are:

> not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial second bite at the apple to a dissatisfied litigant. It is inappropriate where it merely reiterates previous arguments. It is not an occasion to present a better and more compelling argument that the party could have presented in the original briefs, or to introduce evidence that could have been addressed or presented previously. Aggrieved parties may not put a finer point on their old arguments and dicker about matters decided adversely to them. In sum, a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider.

*Wootten v. Virginia*, No. 6:14-CV-00013, -- F. Supp. 3d. --, 2016 WL 922795, at *2 (W.D. Va. Mar. 10, 2016) (internal citations and quotations omitted). So it is here with the successive summary judgment motion.

As on reconsideration, Defendants do not justify why their arguments for summary judgment on damages were not presented in any of their four summary judgment motions filed between May 13, 2015 and February 11, 2016. They do not rely on intervening precedent. And

6

Case 6:14-cv-00013-NKM-RSB   Document 173   Filed 09/12/16   Page 6 of 9   Pageid#: 2325

with the benefit of full discovery, the factual basis of their motion has existed throughout.  In short, there was "ample time for the defendants to develop the issue and present it in their initial motion."  *Narducci v. Moore*, 572 F.3d 313, 324-25 (7th Cir. 2009) (affirming refusal to consider successive summary judgment motion).  Defendants failed to do so at their own peril.

The parties and the Court have expended substantial time and resources to resolve the myriad of issues presented by multiple motions for summary judgment.  At some point, interests in finality and efficiency justify advancing a litigation from one stage to the next.  This case has reached that point.  Just as a plaintiff eventually exhausts its opportunities to amend a complaint, so too must a defendant be prevented from serially seeking summary judgment.

### B. The Deadlines Have Already Expired Deadlines

Even if the present motion were not successive, the Court finds that it is late.  To establish timeliness, Defendants must rely on the combination of the superseding pretrial order—which set the dispositive motion deadline for 75 days before trial (dkt. 113)—and the order continuing the trial to October 17, 2016.  (Dkt. 154).  Thus, so the argument goes, moving the trial date necessarily invited a new round of summary judgment.

District courts are "in the best position to interpret" their own orders, and thus have substantial leeway to do so.  *See In re Grand Jury Subpoena (T-112)*, 597 F.3d 189, 195 (4th Cir. 2010); *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004); *Vaughns by Vaughns v. Bd. of Educ. of Prince George's Cty.*, 758 F.2d 983, 989 (4th Cir. 1985).  While Defendants' implicit interpretation of the two orders is not trivial, it is also extremely formalistic and wooden, given the context of both the continuation order and the case as a whole.

When the trial date was moved in early February 2016, circumstances in the case revealed that the Rule 56 stage was over.  The parties had filed multiple summary judgment

7

motions, the Court had resolved them, and it had instructed the parties to prepare for trial. (Dkt. 148). Moreover, shortly after the continuance, the Court denied, in March 2016, Defendant's reconsideration motion, in part on the ground that it would not consider what amounted to new summary judgment arguments or rehash previously decided questions.

Additionally, the motion to continue was concerned with delaying only the trial date, and only for the purpose of allowing new counsel sufficient time to prepare. (Dkt. 150). There was no request or indication that summary judgment was being re-injected into the case. Thus, the continuation order had no reason to explicitly or implicitly do so.

Relatedly, the summary judgment deadline in the case already elapsed twice. Under Federal Rule of Civil Procedure 16(b)(4), "after the deadlines provided by a scheduling order have passed," the Court must find good cause to amend them. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). There is no indication that—when litigating the motion to continue—the parties or the Court contemplated this standard as applied to summary judgment deadlines.

Finally, before Defendants filed the instant motion, the Court further suggested—when denying Defendants' "motion *in limine*" on damages—that it was not sanguine about interpreting the continuation and superseding pretrial orders to permit additional summary judgment submissions. (*See* dkt. 165 at 2 n.2). Because the Court has not and does not interpret those orders as resurrecting—"[l]ike some ghoul in a late-night horror movie that repeatedly sits up in its grave and shuffles abroad, after being repeatedly killed and buried,"[1]—the twice-expired summary judgment deadline, Defendants' motion is untimely.[2]

---

[1]  *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384, 398 (1993) (Scalia, J., concurring).

[2]  The parties' briefs devoted substantial attention to the merits, especially *Carey v. Piphus*, 435 U.S. 247 (1978). Defendants say Plaintiff cannot prove causation between her damages

8

\* \* \*

For the reasons stated above, Defendants' motion for partial summary judgment on damages will be denied. The clerk is directed to send a copy of this opinion and the accompanying order to all counsel of record.

Entered this __12th__ day of September, 2016.

*[signature: Norman K. Moon]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

(whether mental, emotional, or arising out of her termination) and the Due Process violation. Plaintiff contends that Defendants have the burden of proving she would have been terminated even with appropriate process.

Given its procedural ruling above, the Court does not now reach these and other merits issues—instead reserving them for factual determination at trial and appropriate motion practice under Rule 50—but it does note a recent, helpful explication of procedural Due Process damages from the Second Circuit:

> In the procedural due-process context, actual damages are based on the compensation for injuries that resulted from the plaintiff's receipt of deficient process. To calculate such damages, courts must determine whether a different outcome would have been obtained had adequate procedural protections been given. If the outcome would not have been different, the plaintiff is presumptively entitled to no more than nominal damages. If, however, a plaintiff can show that he suffered mental and emotional distress caused by the denial of procedural due process itself (as opposed to the mental and emotional distress caused by, for instance, the incarceration that would have occurred absent the due-process violation), he is entitled to recover actual damages only to that extent.

*Warren v. Pataki*, 823 F.3d 125, 143 (2d Cir. 2016) (citations omitted); *see also Carey*, 435 U.S. at 260 & n.15; *Burt v. Abel*, 585 F.2d 613, 616 (4th Cir. 1978) (discussing limitation on damages to emotional and mental distress "stemming from the denial of due process" if fact-finder concludes deprivation of substantive right was *actually justified*).

Of course, there is a third possibility: A defendant *fails* to establish that the substantive deprivation (*e.g.*, termination) would have occurred with adequate process (*i.e.*, the process would have corrected a factually incorrect determination), so the plaintiff may prove at trial the "full range of damages" stemming from the deprivation. *See Osborne v. King*, Civ. No. 2:02-1250, 2007 WL 3229144, at *10 (S.D. W. Va. Oct. 31, 2007) (summarizing taxonomy of procedural due process damages). This option makes senses in light of the Due Process Clause's unique purpose of protecting "persons not from the deprivation, but from the *mistaken or unjustified* deprivation of life, liberty, or property." *Carey*, 435 U.S. at 259 (emphasis added).

9