IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| ANASTASIA V. WOOTTEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 6:14-cv-00013 |
| | ) | |
| v. | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, *et al*, | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| Defendants. | ) | |

## REPORT & RECOMMENDATION

Defendants ask the court to stay consideration of Plaintiff's motion for attorneys' fees and costs until resolution of the pending appeals. Dkt. No. 248. I **RECOMMEND DENYING** the motion as it relates to a stay, but dismissing the attorney's fee petition without prejudice to allow Plaintiff to re-file her attorney's fee application at the conclusion of the appeals.

This discrimination and civil rights action relates to Plaintiff's employment as a police officer with the Virginia Department of Motor Vehicles. The district court dismissed Plaintiff's claims in their entirety, but awarded her summary judgment on her procedural due process claim under § 1983 relating to the termination of her employment. At trial, a jury awarded Plaintiff damages of $183,483.76. Dkt. No. 209. The final judgment included an award of additional back pay, prejudgment interest and front pay as well as other non-monetary relief. Plaintiff promptly filed a motion for Award of Reasonable Attorney's Fees and Costs. Dkt. No. 242. Both parties have appealed various aspects of the district court's rulings to the Fourth Circuit.

## Applicable Law

Plaintiff is entitled to an award of attorney's fees as a prevailing party. Fed. R. Civ. P. 54(d)(2); 42 U.S.C. § 1988. The district court retains jurisdiction to consider the fee petition

while the case is on appeal because the fee issue is a discretionary decision that is separate from the underlying judgment. 28 U.S.C. § 1291; Tunnell v. Ford Motor Co., No. CIV.A. 4:03CV074, 2006 WL 910012, at *8 (W.D. Va. Apr. 7, 2006), report and recommendation adopted, No. CIVA.4:03-CV-00074, 2006 WL 1788233 (W.D. Va. June 26, 2006), aff'd, 245 F. App'x 283 (4th Cir. 2007); Finnegan v. Myers, No. 3:08-CV-503, 2016 WL 7209697, at *1–2 (N.D. Ind. Dec. 12, 2016). These motions may be promptly considered, Langham-Hill Petroleum Inc. v. S. Fuels Co., 813 F.2d 1327, 1331 (4th Cir. 1987), but adjudicating an attorneys' fee motion while an appeal is pending is not required. The court "may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under [Rule 54](d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54; see also Michigan Bldg. & Const. Trades Council, AFL-CIO v. Snyder, No. 11-13520, 2012 WL 1893516, at *2 (E.D. Mich. May 23, 2012).

A decision to defer a ruling on a pending motion is within the "inherent power" of the district court "to ensure both the efficient management of its docket, as well as economy of time and effort for itself, for counsel and for litigants." Hawley v. Johnson & Johnson, Civ. Action No. 3:11cv195, 2011 WL 7946243 (E.D. Va. April 29, 2011) (internal citations omitted). The district court must "weigh competing interests and maintain an even balance" when determining whether to grant a motion to stay. Id. (internal citation omitted).

## Analysis

An award of attorneys' fees and costs at this stage is premature. Victory on appeal by Plaintiff likely would entitle her to additional fees for time spent on the appeal. See Spell v. McDaniel, 852 F.2d 762, 772 (4th Cir. 1988). A reversal, however, could potentially eviscerate Plaintiff's attorney fee claim. The Fourth Circuit could also hand down a decision which grants some relief to both sides. Such a result would also alter any attorney fee claim. See Hensley v.

2

Eckerhart, 461 U.S. 424, 435 (1983); Michigan Bldg. & Const. Trades Council, AFL-CIO v. Snyder, 2012 WL 1893516, at *2. Judicial economy is not best served by awarding fees now and potentially revisiting that issue after the Fourth Circuit reaches its decision. See Michigan Bldg. & Const. Trades Council, AFL-CIO v. Snyder, 2012 WL 1893516, at *2.

Accordingly, I **RECOMMEND** the court **DENY** Defendants' motion to stay, but **DISMISS WITHOUT PREJUDICE** as premature Plaintiff's motion for fees and costs. Plaintiff may re-file her motion upon conclusion of the pending appeal as allowed under Rule 54 of the Federal Rules of Civil Procedure and within the time provided under the Local Rules of the Western District of Virginia.

The Clerk is directed to transmit the record in this case to the Honorable Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation which must be filed within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objections, including a waiver of the right to appeal.

Enter: March 1, 2017

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge