IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| ANASTASIA V. WOOTTEN, | ) | |
|           *Plaintiff,* | ) | CASE NO. 6:14-CV-00013 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF VIRGINIA, *et al.*, | ) | |
| | ) | By: Norman K. Moon |
|           *Defendants.* | ) | United States District Judge |

After obtaining a favorable jury verdict, Plaintiff in this case moved for attorneys' fees (dkt. 242), adjudication of which Defendants sought to stay pending their appeal of the underlying merits judgment. (Dkt. 248).[1] The Court referred both matters to Magistrate Judge Robert S. Ballou, who suspended briefing on Plaintiff's fee motion pending disposition of Defendant's stay motion. (Dkts. 245, 250). Judge Ballou recommends denying the stay motion but also denying without prejudice the fee motion, thereby permitting Plaintiff to renew her motion for fees if the Fourth Circuit upholds her jury award and this Court's denial of qualified immunity to Defendants. (*See* dkt. 263 (hereinafter "R&R")). Plaintiff objects to these recommendations. The objections are without merit and will be overruled.

The fee motion—which includes nearly 100 pages of supporting documentation—seeks almost $400,000 in fees and expenses for the work of multiple attorneys over several years. (*See* dkts. 242, 243). As Judge Ballou recognized (R&R at 2–3), judicial efficiency favors deciding the fee motion after the parties' appeals to the Fourth Circuit are resolved. If the merits judgment is reversed, the parties' and Court's resources on the fee motion will have been wasted, and if the merits judgment is affirmed, the parties and the Court can consider the entirety of the fee issue all at once, including fees incident to the appeal and post-judgment proceedings.

---

[1] Plaintiff also filed a cross-appeal. (Dkt. 251).

It is a long-standing principle that a court has the inherent and discretionary authority to manage its docket to further "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see Ryan v. Gonzales*, 133 S. Ct. 696, 708 (2013) ("We do not presume that district courts need unsolicited advice from us on how to manage their dockets."). Just last year, the Supreme Court reiterated "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). This principle of discretion alone would justify Judge Ballou's recommendation, as well as rebut Plaintiff's extraordinary contention that the Court outright "*lacks* authority" to defer the fee issue. (Dkt. 255 at 2 (emphasis in original), 5 (asserting court is "preclude[d]" from deferring fee issue); *see* dkt. 264 at 3 (claiming Defendants' motion "is neither deferrable nor subject to dismissal without prejudice")).[2] In any event, the Court will briefly discuss Plaintiff's specific objections.

Plaintiff's reliance on various rules of civil procedure is misplaced. Rule 58(e) provides a default rule that the Court should not delay entering a merits judgment simply to adjudicate a fee motion. The Court followed that practice here. Of course, if a timely fee motion is made after entry of the merits judgment, the Court "*may* act *before* a notice of appeal has been filed" to order that the time to file the merits appeal is tolled. Fed. R. Civ. P. 58(e) (emphasis added). So the rule *allows* a district court to extend the time for appealing a merits judgment until the fee issue is resolved, thus permitting the merits and fee judgments to merge into a single appeal. But nothing in the rule *compels* the Court to do so, and the Court in fact did not do so here, as

---

[2] Indeed, the Fourth Circuit has held that "a district court may properly defer ruling [on a petition for attorney's fees] pending ultimate resolution of the merits." *Reed v. Health & Human Servs.*, 774 F.2d 1270, 1277 (4th Cir. 1985), *rev'd on other grounds sub nom. Luckhard v. Reed*, 481 U.S. 368 (1987); *see Hanwha Azdel, Inc. v. C & D Zodiac, Inc.*, No. 6:12-CV-00023, 2015 WL 1417058, at *7 (W.D. Va. Mar. 27, 2015).

2

Defendants filed their notice of appeal only four days after Plaintiff filed her fee motion.

Plaintiff fairs no better under Rule 62.1, which governs the process for handling a motion over which a pending appeal has divested the district court of jurisdiction. Fed. R. Civ. P. 62.1(a) ("If a timely motion is made for relief that the court *lacks authority to grant* because of an appeal . . ." (emphasis added)). In that situation, the district court "may" defer the motion, deny it, or signal to the appellate court to remand the case because the motion would be granted or may have merit. By its terms, though, Rule 62.1 is inapplicable because this Court *retains*—rather than lacks—the authority to grant a fee motion notwithstanding the existence of a merits appeal. *See Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1330–31 (4th Cir. 1987) (citing *White v. N.H. Dep't of Empl. Sec.*, 455 U.S. 445 (1982)); *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citing *Langham* for proposition that district court retains authority to rule on matters collateral to appeal)); *Carr v. Super 8 Motel Developers, Inc.*, 964 F. Supp. 1046, 1047 n.2 (E.D. Va. 1997); *Dahl v. Aerospace Employees' Ret. Plan of the Aerospace Corp.*, No. 1:15CV611 (JCC/IDD), 2015 WL 7777989, at *2 (E.D. Va. Dec. 1, 2015).[3]

Plaintiff objects to the R&R's statement that her fee motion is "premature." By that term, Judge Ballou did not mean that the fee motion was defective by rule, but rather only that—as explained both above and in the R&R—the conservation of resources and judicial efficiency counseled in favor of deciding the matter later. *See Am. Heartland Port, Inc. v. Am. Port Holdings, Inc.*, 53 F. Supp. 3d 871, 882 (N.D.W. Va. 2014) (describing bill of costs as "premature" and withholding decision until resolution of merits appeal).[4]

---

[3] Relying on an *expressio unius* inference, Plaintiff implies that, because Rule 62.1 sets forth a specific instance of a district court deferring a motion, the Court is prohibited from doing so in other instances. (Dkt. 255 at 5–6). That position runs headlong into the case law upholding the Court's inherent, discretionary authority to manage its docket.

[4] Judge Ballou also observed that a 1993 advisory committee note to Rule 54(d)(2)

3

Case 6:14-cv-00013-NKM-RSB   Document 267   Filed 03/31/17   Page 3 of 5   Pageid#: 4152

As for her last objection, Plaintiff contends that considerations of resource conservation and judicial economy actually cut against the R&R and in favor of the deciding the fee motion now; otherwise, according to Plaintiff, the Fourth Circuit will be burdened with successive appeals. (Dkt. 264 at 4).

First, the Court disagrees with Plaintiff regarding which result is the most economical.[5]

Second, Plaintiff's logic assumes she prevails (rather than Defendants) in the Fourth Circuit, which as discussed above is uncertain. Indeed, the possibility that Defendants may prevail on appeal (thus mooting the fee issue) itself favors Judge Ballou's recommendation.

Third, a second appeal from a fee judgment (assuming Plaintiff prevails on appeal) is by now a practical reality, so ruling on fees now as Plaintiff desires provides no value added. That is, an appeal on the fee issue would not reach the Fourth Circuit until well after its consideration of the merits appeal begins. Briefing on the merits in the Fourth Circuit is set to commence in less than a month, on April 27th. But briefing in this Court on the fee motion is not yet completed. Even if the Court took the abnormal step of expediting briefing in a case the parties have already litigated in a "contentious and hard-fought" manner (and consumed substantial judicial resources as a result), *see Wootten v. Virginia*, No. 6:14-CV-00013, 2016 WL 7496145,

---

supported the decision to postpone consideration of the fee issue. The Note reads: "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or *may deny the motion without prejudice*" and set a new deadline for filing. (emphasis added). Courts in this Circuit have relied upon such language to deny a motion for fees without prejudice pending resolution of the merits appeal. *See*, *e.g.*, *Certusview Techs., LLC v. S & N Locating Servs., LLC*, No. 2:13CV346, 2015 WL 3466842, at *2 (E.D. Va. June 1, 2015); *Am. Port Holdings*, 53 F. Supp. 3d at 882. Although Plaintiff objects that Judge Ballou "rewrote" Rule 54 (dkt. 265 at 2), she does not identify how the text of the Rule supports her position or undermines Judge Ballou's recommendation.

[5]   The issue of judicial economy is a quintessential example of a judgment call committed to the sound and broad discretion of the Court. Thus, Plaintiff's ability to fashion a marginal argument against the R&R's reasoning hardly moves the needle in her favor, given that there are strong resource conservation considerations on the other side.

at *2–3 (W.D. Va. Dec. 30, 2016), it would take days and perhaps weeks for Judge Ballou to sift through the parties factual submissions and legal arguments.

And even if, prioritizing this fee motion at the expensive of all other litigants, Judge Ballou issued a substantive recommendation on the fee motion by April 27th, objections to that recommendation would not be briefed until between two and four weeks later. *See* Fed. R. Civ. P. 72(b)(2). And even if the objections were filed early, it would take this Court some time to resolve them. And even if this Court issued a ruling in a highly expeditious manner, the aggrieved party could still wait thirty days to file an appeal. *See* Fed. R. App. P. 4(a). Of course, by that time briefing in the Fourth Circuit on the merits judgment will have long since began, and possibly ended.

So—even if the Court were inclined to grant Plaintiff's objections in hopes of avoiding successive appeals—a successive appeal on fees is nonetheless highly likely (assuming Plaintiff prevails on the merits on appeal), so the rationale of Plaintiff's objection is moot. Given the circumstances, there is little to be gained from deciding the fee motion before the Fourth Circuit decides the merits, and much to be lost.

Accordingly, Plaintiff's objections will be overruled, the R&R will be adopted, Plaintiff's motion for fees will be denied without prejudice (with leave to renew the motion within 21 days of the Fourth Circuit's mandate), and Defendants' motion to stay consideration of the fee motion will be denied. An accompanying order will issue. The Clerk is directed to send a copy of this Opinion and the accompanying order to counsel of record.

Entered this __31st__ day of March, 2017.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

5